ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ANGEL CUEVAS CUEVAS Y OTROS<br><br>Recurridos<br><br>v.<br><br>MILDRED CUEVAS REYES<br><br>Peticionaria | TA2026CE00142 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: SL2024CV00189<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece Mildred Cuevas Reyes ("señora Mildred Cuevas" o "Peticionaria") mediante *Recurso de Certiorari* y nos solicita que revisemos una *Resolución* emitida el 15 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de nulidad de sentencia instada por la peticionaria.

Por los fundamentos que proceden, se expide el auto de *certiorari* solicitado y se *confirma* la determinación recurrida.

**I.**

El 30 de mayo de 2024, Ángel Cuevas Cuevas ("señor Ángel Cuevas") y Migdalia Cuevas Reyes ("señor Migdalia Cuevas") (en conjunto, "Recurridos"), como miembros de la Sucesión María Josefa Reyes Ramírez, presentaron una *Petición de Partición de Herencia* en contra de la señora Mildred Cuevas. Estipularon que, conforme a la Resolución sobre Declaratoria de Herederos emitida en el Caso Núm. SL2022CV00305, la Sucesión María Josefa Reyes Ramírez está compuesta por el esposo de la causante, el señor Ángel Cuevas, y sus hijas, Mildred y Migdalia Cuevas Reyes. Señalaron que la causante era

cotitular, junto a su esposo, de dos estructuras de uso residencial, identificadas como Estructura A y Estructura B. Manifestaron que la Estructura A ha estado desocupada desde el 25 de septiembre de 2022, mientras que la Estructura B ha sido ocupada por la señora Mildred Cuevas, desde el 27 de mayo de 2022, sin consentimiento de los demás cotitulares y sin pagar un canon de arrendamiento. Adujeron, además, que, a pesar de haberle informado a la peticionaria sobre sus deseos de liquidar la comunidad hereditaria, esta se había negado a cooperar. Por tanto, le solicitaron al foro de instancia que ordenara la división de los bienes del caudal relicto.

Consecuentemente, el 1 de julio de 2024, los recurridos notificaron una *Moción Sometiendo Emplazamiento Diligenciado*. El 24 de julio de 2024, la parte recurrida instó una *Solicitud de Anotación de Rebeldía y se Emita Sentencia*. En igual fecha, la peticionaria radicó una *Moción por Derecho Propio* mediante la cual solicitó un término para contratar representación legal. Ese mismo día, mediante una *Orden* notificada el 30 de julio de 2024, el foro de instancia denegó la petición sobre anotación de rebeldía, por prematura.

El 12 de agosto de 2024, el TPI emitió una *Orden* en virtud de la cual le concedió a la señora Mildred Cuevas treinta (30) días para informar su representación legal. Transcurrido el plazo otorgado, el 12 de septiembre de 2024, los recurridos instaron una *Moción Reiterando Solicitud de Anotación de Rebeldía y se Emita Sentencia*.

Así, pues, el 13 de septiembre de 2024, notificada el 16 de septiembre de 2024, el foro de instancia le anotó la rebeldía a la señora Mildred Cuevas. El 26 de junio de 2025, la peticionaria presentó una *Moción por Derecho Propio*. Nuevamente, solicitó un término para contratar representación legal. Además, peticionó que el TPI suspendiera la vista programada para el 30 de junio de 2025. Ante ello, en igual fecha, el foro de instancia dictó una *Orden* en la cual denegó lo solicitado por la peticionaria y le advirtió que debía comparecer a la vista.

El 30 de junio de 2025, se celebró la Vista en Rebeldía, la cual solo contó con la participación del señor Ángel Cuevas y la señora Migdalia Cuevas. Aquilatada la prueba testifical y documental, el 21 de julio de 2025, el TPI

dictaminó una *Sentencia en Rebeldía* en la cual declaró Con Lugar la Demanda presentada por los recurridos. Como resultado, ordenó, entre otras, el desalojo de la señora Mildred Cuevas de la propiedad y la venta del inmueble.

Inconforme, el 6 de agosto de 2025, la peticionaria presentó una solicitud de reconsideración, intitulada *Moción por Derecho Propio*. Ese mismo día, notificada el 8 de agosto de 2025, el foro de instancia dictó una *Orden* mediante la cual denegó la solicitud de reconsideración, por incumplimiento con las Reglas de Procedimiento Civil.

Posteriormente, el 12 de septiembre de 2025, la señora Mildred Cuevas notificó una *Urgente Moción Asumiendo Representación Legal y en Solicitud de que se Deje sin Efecto la Sentencia en Rebeldía al amparo de las Reglas 45.3 y 49.2 de las de Procedimiento Civil y la Jurisprudencia Vigente*. Sostuvo que su incomparecencia estuvo justificada ya que, a pesar de sus intentos, no logró obtener representación legal, hasta después de que el foro de instancia emitiera la *Sentencia en Rebeldía*. Arguyó que procedía dejar sin efecto la determinación dictada, debido a que los recurridos presuntamente incurrieron en conducta impropia al realizar alegaciones falsas en la *Petición de Partición de Herencia*. Manifestó que, habiendo obtenido representación legal, poseía los medios y la evidencia para oponerse a lo alegado. Además, razonó que el relevo de la sentencia no le ocasionaría un perjuicio sustancial a los recurridos.

En respuesta, el 2 de octubre de 2025, los recurridos radicaron su *Réplica a "Urgente Moción Asumiendo Representación Legal..."*. Señalaron que, previo a la notificación de la *Sentencia en Rebeldía*, la peticionaria únicamente había comparecido ante el TPI en dos (2) ocasiones, el 24 de julio de 2024 y el 26 de junio de 2025, a los efectos de solicitar prórrogas para contratar representación legal. Arguyeron que, entre ambas comparecencias, la señora Mildred Cuevas estuvo once (11) meses sin realizar gestión alguna. Manifestaron, a su vez, que la peticionaria optó por no comparecer a la Vista en Rebeldía. Añadieron que, durante la vista, presentaron evidencia en apoyo a sus alegaciones. En cambio, esbozaron que la peticionaria nunca presentó prueba que refutara lo alegado en la demanda. De manera similar, expresaron que la señora Mildred Cuevas

tampoco evidenció las supuestas gestiones realizadas para contratar representación. Razonaron que, de tener un interés en plantear sus reclamos y defensas, las debía presentar se manera oportuna.

El 9 de diciembre de 2025, se celebró una Vista de Discusión de Moción a la cual comparecieron las partes. Atendidos los planteamientos, el 15 de diciembre de 2025, el TPI emitió una *Resolución* en virtud de la cual denegó la solicitud de relevo de sentencia instada por la señora Mildred Cuevas. Concluyó que la peticionaria no logró evidenciar justa causa para no haber comparecido a los procedimientos, al igual que tampoco probó tener una buena defensa en sus méritos que demuestre su probabilidad de prevalecer.

Insatisfecha, el 29 de diciembre de 2025, la peticionaria presentó una *Moción de Reconsideración*, la cual fue denegada mediante *Orden* dictada el 30 de diciembre de 2025, notificada el 8 de enero de 2026. Inconforme aún, el 7 de febrero de 2026, la señora Mildred Cuevas acudió ante nos mediante *Recurso de Certiorari*. La parte peticionaria realizó los siguientes señalamientos de error:

> **Erró el Tribunal De Primera Instancia al declarar No Ha Lugar la solicitud de dejar sin efecto la sentencia en rebeldía emitida aun cuando la peticionaria tuvo justa causa para justificar la dilación en su comparecencia y/o tiene una buena defensa en los méritos, el tiempo que medió entre la sentencia emitida y la solicitud de relevo fue mínimo y el grado de perjuicio que pudiera causarse a la parte peticionada es mínimo.**
>
> **Erró el Tribunal De Primera Instancia al declarar No Ha Lugar la solicitud de dejar sin efecto la sentencia en rebeldía emitida sin ni siquiera celebrar una vista evidenciaria para que la peticionaria pudiera demostrar que tuvo justa causa para justificar la dilación en su comparecencia y/o que tiene una buena defensa en los méritos, que el tiempo que medió entre la sentencia emitida y la solicitud de relevo fue mínimo y que el grado de perjuicio que pudiera causarse a la parte peticionada es mínimo.**
>
> **Erró el Tribunal De Primera Instancia al declarar No Ha Lugar la solicitud de dejar sin efecto la sentencia en rebeldía emitida aun cuando a la peticionaria se le violó su derecho constitucional a un debido proceso de ley y su derecho de notificación adecuada.**

El 19 de febrero de 2026, los recurridos notificaron su *Alegato en Oposición*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla

40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia,

no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 822 (1980); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Id.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd.* Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia. Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia. *Ortiz v. U. Carbide Grafito, Inc.,* 148 DPR 860, 865 (1999).

**-C-**

Es obligación de toda parte contra la cual se presenta una demanda de notificar su contestación dentro de treinta (30) días de haber sido emplazado conforme a derecho. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10. No obstante, la precitada Regla también establece que "[l]a notificación de una moción permitida por estas reglas o bajo la Regla 36, altera los términos arriba prescritos [...], a menos que por orden del tribunal se fije un término distinto [...]". 32 LPRA Ap. V, R. 10.1.

A pesar de ello, las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía "[c]uando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas reglas". Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquellas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del foro judicial a imponerle la rebeldía como sanción. *Ocasio v. Kelly Servs.,* 163 DPR 653, 670 (2005). A pesar de ello, la anotación de rebeldía "como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

Se ha resuelto que la consecuencia jurídica de anotar la rebeldía a una parte en un pleito será tener como aceptadas cada una de las alegaciones bien formuladas que hubieran sido incluidas en la demanda. *Vélez v. Boy Scouts of*

*America*, 145 DPR 528, 534 (1998). No obstante, a aquellas partes en rebeldía, que han comparecido previamente, les "cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia". *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 825-826 (2023). En cuanto a la notificación de escritos y órdenes, la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 67.1, esboza que "[n]o será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes".

Ahora bien, en el descargue de sus funciones, el Tribunal de Primera Instancia está en la obligación de comprobar cualquier aseveración esgrimida mediante la aportación de prueba que demuestra lo alegado. *Hernández v. Espinosa*, 145 DPR 248, 272 (1998). Cónsono con lo anterior, nuestro Tribunal Supremo ha reiterado que en el ámbito de la adjudicación de un pleito en rebeldía los foros judiciales no pueden actuar como meros autómatas. *Ocasio v. Kelly Servs.*, págs. 671-672. Es decir, "un trámite en rebeldía no garantiza *[per se]*, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 826, citando a *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978).

Nótese que el objetivo de este mecanismo procesal no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que lo que se persigue es estimular la tramitación ágil y efectiva de los pleitos ante los tribunales. *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971). Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra*, de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 293 (1988); *Imp. Vilca, Inc v. Hogares Crea, Inc.*, 118 DPR 679, 686 (1987).

La Regla 45.3 de Procedimiento Civil dispone la facultad para dejar sin efecto una anotación de rebeldía. 32 LPRA Ap. V, R. 45.3. La misma señala que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". *Íd.* Nuestro más Alto Foro ha reconocido que la parte que alegue causa justificada puede: (1) presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o (2) probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 593.

### III.

En el recurso que nos ocupa, la peticionaria señala que el TPI incidió al denegar su solicitud sobre relevo de sentencia. La señora Mildred Cuevas arguye que la dilación en su comparecencia estuvo justificada, ya que, debido a su baja escolaridad, desconocía sobre el proceso y, a su vez, carecía de recursos económicos para contratar representación legal. Además, alega que no fue notificada de los escritos presentados por los recurridos, en violación a su derecho a un debido proceso de ley. Por otra parte, expone que tiene una buena defensa en sus méritos, debido a que puede presentar evidencia que demuestra que el inmueble en el que reside no le pertenece a la Sucesión, sino a ella. Sin embargo, sostiene que, al no haber celebrado una vista evidenciaria, no fue concedida una oportunidad para presentarla. Por este haber sido el proceder de la parte peticionaria, los errores serán discutidos de manera conjunta.

Conforme surge, la peticionaria tuvo más de un (1) año para contratar representación legal o para informarle al TPI sobre los esfuerzos realizados a esos efectos. No obstante, optó por esperar hasta cuatro (4) días antes de la Vista en Rebeldía para acudir ante el TPI en solicitud de un segundo término para contratar a un abogado. Aun tomando como cierto que, durante alrededor de un (1) año, la peticionaria no logró obtener representación legal, ello, de por sí, no justificó su incomparecencia ante el Tribunal. Razonablemente, el foro de

instancia denegó la solicitud de la peticionaria y le ordenó a comparecer a la vista. A pesar de ello, no compareció, ni tan siquiera por derecho propio.

Por otra parte, la señora Mildred Cuevas decidió esperar hasta que la *Sentencia en Rebeldía* advino final y firme para plantear que tiene una defensa en sus méritos. Ciertamente, lo alegado en cuanto a la defensa, es decir, lo relacionado a la titularidad de la residencia, pudo haber sido discutido, de manera oportuna, durante la Vista en Rebeldía. No obstante, a pesar de haberse ordenado su comparecencia, la peticionaria no compareció a la vista, ni tan siquiera por derecho propio. Se desprende que la peticionaria tuvo múltiples oportunidades para comparecer y defenderse ante lo alegado por los recurridos. Debido a la falta de diligencia demostrada por la parte peticionaria, somos del criterio que el foro de instancia no incidió al denegar la solicitud sobre relevo de sentencia.

Finalmente, sobre la falta de notificación, los recurridos alegan que le notificaron a la peticionaria todos los escritos presentados mediante correo postal. No obstante, no presentaron evidencia a esos efectos. A pesar de lo anterior, la Regla 67.1 de Procedimiento Civil, *supra*, expresamente dispone que, como norma general, no es necesario notificarle a las partes en rebeldía las órdenes emitidas por el Tribunal y los escritos presentados. Como excepción, deberán notificarse aquellos escritos en los que se soliciten remedios nuevos o adicionales contra las partes que se encuentran en rebeldía. En vista de que la señora Mildred Cuevas se encontraba en rebeldía, los recurridos no venían obligados a notificarle los escritos presentados. Como consecuencia, de ser cierto que no se le notificaron los escritos, aun así, no se le violó su debido proceso de ley. Por todo lo cual, resulta forzoso concluir que los errores señalados no fueron cometidos.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se expide el auto de *certiorari* solicitado y se *confirma* la determinación recurrida. Se devuelve ante el Tribunal de Primera Instancia, Sala Superior de San Lorenzo, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones